*Twentieth Judicial District.*

In the Court of Common Pleas of Berks County.

---

RUTH *v.* LOOS, GARNISHEE OF ISAAC RUTH.

An assignment of one of a series of collateral securities transfers them all.

The mere endorsement on a bond of a former transfer, unsupported by proof of delivery, would not be adequate to avoid an after assignment actually executed and delivered.

Opinion by

WOODWARD P. J.   One of the purparts of Leonard Ruth's estate was allotted to Isaac Ruth on the 11th of August, 1854. A portion of this purport was conveyed by Isaac to Michael Ruth on the 7th of August, 1855. On the 9th of April, 1855, Michael executed to Isaac a bond conditioned for the payment of the interest on $682.21 to the widow of Leonard Ruth during her life, and the principal to Isaac upon her death. On the 1st of April, 1857, Michael Ruth conveyed the land he had bought of Isaac to William Loos, subject expressly to the payment of the interest on $3,411.05 to the widow during her life, and of the principal at her decease to Isaac, Levi, Michael, Joshua, and Elizabeth Ruth. The one-fifth share secured of $3,411.05 was the precise equivalent of the $682.21 stipulated to be paid by the bond of Michael to Isaac in 1855. After the death of the widow this attachment was issued against Mr. Loos in order to secure the appropriation of the moneys in his hands due to Isaac, to a judgment which the plaintiff had previously obtained. On the trial of the cause it was shown that Isaac Ruth had become indebted to Polly Paine, in the sum of $700, in the year 1854, and that in consideration of this indebtedness on the 15th of June, 1860, he had assigned to her the bond executed to him by Michael Ruth. It was not contested that this bond and the charge in the deed to Loos were intended to provide for the same debt. The assignment of one of a series of collateral securities transfers them all. This principle was admitted on the trial but its application was resisted on the grounds that before the assignment to Polly Paine· a previous assignment had been made, (to the present plaintiff· according to the allegation of his counsel), which was subsequently erased. But the case was destitute of proof of delivery of the first assignment. The bond was in Isaac Ruth's possession when he transferred it to Polly Paine. And the mere fact, which the paper shows. that a former transfer had been endorsed upon it, would not be adequate to avoid the assignment actually executed and delivered.

It was claimed by counsel that in any event the plaintiff was entitled to a verdict for the one-fourth of the share of Joshua Ruth, who died unmarried without children and intestate, on the 24th of November, 1867. But this fund was not subject to attachment in the hands of Mr. Loos.

He would not have been protected by paying it over to Isaac Ruth himself. It was payable only to Joshua's administrator. Ebb v. the Commonwealth, 1 Jones, 374. It cannot be known that the whole of it may not have been required for the payment of Joshua's debts. Nor can it be known that he did not in his life time assign it to another person. These would be collateral inquiries into which it would not be competent in this case to go.

The rule to show cause is discharged. ,